■ Joseph Michaels et al., Copartners Doing Business under the Name of Joseph Michaels Co., Respondents, v. Lispenard Holding Corp., Defendant, Crown Litho, Inc., Respondent, and Leo Fenster et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the plaintiffs-respondents, without prejudice to bringing of a new motion upon proper affidavits. No opinion. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ Margaret I. Davies, Respondent, v. John J. Gray, Appellant.— Order of filiation unanimously modified, on the law, on the facts, and in the exercise of discretion, to reduce the allowance for the support of the child from $35 per week to $20 per week, and to allow in addition the payment on account at the rate of $10 per week, first toward the counsel fee in the amount of $300, and then toward the medical and hospital expenses in the amount of $1,866, and the order is otherwise affirmed in all respects, without costs to either party. In view of the earning power of the mother, the obligation of the father to support his wife and their three young children within his available income, and in view of the tender age of the infant to be supported, the amount allowed by the Court of Special Sessions is excessive. Should, of course, there be substantial change in the circumstances the mother will be free to make appropriate application for increased support for the child. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ In the Matter of the Arbitration between William Glatzer et al., Respondents, and Julius Diamond, Appellant.— Judgment and order unanimously affirmed, with costs to the respondents. No opinion. Concur — Botein, P. J., Rabin, Valente, McNally and Bergan, JJ.

■ Natividad Cohen, Respondent, v. Murry J. Cohen, Appellant, et al., Defendant.— Appeal unanimously dismissed, with $20 costs and disbursements to the respondent, on the ground that the order of June 17, 1959, does not constitute an appealable order. (Oppenheimer v. Duophoto Corp., 271 App. Div. 1005; Brown v. Golden, 6 A D 2d 766; Hall v. Wood, 5 A D 2d 998.) The defendant, if he be so advised, may move to be relieved of the stipulation. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ In the Matter of the Commission of Investigation of the State of New York, Appellant, against Costenze P. Valenti, Respondent.— Order granting motion to transfer respondent to Monroe County Jail unanimously reversed and motion denied on the law, on the facts, and in the exercise of discretion, with costs. One who stands in defiance of the court's order is in no position to seek grace or favor from it. In consequence, the question of power is not reached. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ In the Matter of Lenore S. Trimble, Judgment Creditor, against Arthur A. Beaudry, Judgment Debtor. Christopher R. Trimble, Individually and as Administrator of the Estate of Mae Malone, Deceased, et al., Appellants; Lenore S. Trimble, Respondent.— Orders denying motions to vacate third-party subpoenas unanimously reversed, on the law, and the subpoenas vacated, without costs. Both subpoenas were void on their face as neither was issued within two years from the date of the recited judgment (Civ. Prac. Act, § 779, subd. 2). Order denying motion to vacate third-party order unanimously affirmed, on the facts and on the law, without costs. Issues of fact are presented whether the person to whom the order is directed has property of the judgment debtor. Furthermore, a sufficient showing was made to the court at the time the order was granted. (Civ. Prac. Act, § 779, subds. 1, 3.) Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.